UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

SECURITIES AND EXCHANGE COMMISSION,

Plaintiff,

v.

TOWN OF OYSTER BAY, NEW YORK, and JOHN VENDITTO,

Defendants.

17 Civ. 6809 (JMA)

---

**FINAL JUDGMENT AS TO DEFENDANT TOWN OF OYSTER BAY, NEW YORK**

The Securities and Exchange Commission having filed a Complaint and Defendant Town of Oyster Bay, New York ("Defendant" or the "Town") having entered a general appearance; consented to the Court's jurisdiction over Defendant and the subject matter of this action; consented to entry of this Final Judgment; waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment:

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from violating Sections 17(a)(2) and (3) of the Securities Act of 1933 (the "Securities Act") [15 U.S.C. §§ 77q(a)(2) and (3)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

(a) to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements

made, in light of the circumstances under which they were made, not misleading; or

(b) to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

II.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Defendant shall comply with all of the undertakings and agreements set forth therein, including but not limited to, the undertakings to retain an independent consultant with municipal finance experience (the "Independent Consultant") who is appointed by the Court to review the Town's policies, procedures, and internal controls regarding its disclosures for securities offerings, and to recommend improvements to those policies, procedures, and internal controls with a view to assuring compliance with the Town's disclosure obligations under the federal securities laws. Specifically, the Town shall retain the Independent Consultant to conduct reviews and make recommendations in the following areas:

- Due diligence in connection with securities offerings, and the related communications (1) within the Town, including by and between those Town departments and/or groups responsible for

      managing the Town's securities offerings and compiling and/or providing information in connection with securities offerings, (2) between the Town and external professionals that assist the Town with its securities offerings, including but not limited to disclosure counsel, bond counsel, municipal advisers, auditors, and accountants, (3) with other third parties involved in the Town's securities offerings, including but not limited to ratings agencies and underwriters, and (4) with actual or potential investors in the Town's securities offerings.

- Disclosures in the Town's securities offering documents relating to contingent liabilities and potential or actual litigation.

- Training of Town employees involved with the Town's securities offerings, including implementing active and ongoing mandatory training programs to educate appropriate Town employees involved with the Town's securities offerings, including but not limited to officials from: the Office of the Supervisor; the Comptroller's Office; the Executive Department, Division of Finance; and the Town Attorney's Office regarding the Town's disclosure obligations under the federal securities laws and any policies and procedures relating to such offerings.

Within five days of the Court's entry of the Judgment, the Town will recommend and submit to the Court three proposed Independent Consultant candidates that are not unacceptable to the Securities and

Exchange Commission (the "SEC") staff. The Court will appoint an Independent Consultant from these three candidates or from any other candidates that the Court chooses to consider.

    i.    After the Independent Consultant is appointed, it shall have 120 days to issue a report recommending improvements to the Town's securities offerings disclosure policies and procedures.

    ii.    The Town will adopt all recommendations contained in the Independent Consultant's report within 60 days of the Town's receipt of that report, provided, however, that within 30 days of the Town's receipt of the report, the Town shall advise the Independent Consultant and the SEC staff in writing of any recommendations that the Town believes are unnecessary, impractical, unduly burdensome, or outside the scope of this Judgment, and the bases for the Town's objections. With respect to any recommendation that the Town considers unnecessary, impractical, unduly burdensome, or outside the scope of this Judgment, the Town need not adopt that recommendation at that time but shall propose in writing an alternative policy, procedure, controls, or system that it believes will achieve the objectives of the Independent Consultant's recommendation.

    iii.    The Town and the Independent Consultant shall engage in good-faith negotiations concerning any objection raised by the

        Town within 45 days of the Town's receipt of that report. Within 15 days after the conclusion of the discussion and evaluation by the Town and the Independent Consultant, the Town will require that the Independent Consultant inform the Town and the SEC staff in writing of the Independent Consultant's final determination concerning any recommendation that the Town raised pursuant to paragraph II above. The Town shall abide by the determinations of the Independent Consultant and, within 30 days after final agreement between the Town and the Independent Consultant or final determination by the Independent Consultant, whichever occurs first, the Town shall adopt and implement all of the recommendations that the Independent Consultant deems appropriate.

iv. Within 30 days of the Town's adoption of all of the recommendations in the report that the Independent Consultant deems appropriate, as determined pursuant to the procedures set forth herein, the Town shall certify in writing to the Independent Consultant and the SEC staff that the Town has adopted and implemented all of the Independent Consultant's recommendations in the report. The Town shall submit the certification and supporting material to Sanjay Wadhwa, Senior Associate Regional Director, Division of Enforcement, New

    York Regional Office, Securities and Exchange Commission, with a copy to the Office of Chief Counsel of the Enforcement Division.

 v. For two fiscal years thereafter, the Independent Consultant shall review and assess the sufficiency of the Town's implementation of the Independent Consultant's recommendations. The Independent Consultant shall, within 30 days after the end of the first full fiscal year thereafter, issue an interim report regarding the sufficiency of the Town's implementation of the recommendations, and, further, shall, within 30 days after the end of the second full fiscal year thereafter, issue a final report regarding the sufficiency of the Town's implementation of the recommendations.

 vi. The Independent Consultant may, upon motion, seek authority from the Court to engage and employ persons in its discretion to assist in carrying out its duties and responsibilities hereunder.

 vii. Defendant shall cooperate fully with the Independent Consultant in the discharge of the Independent Consultant's responsibilities. Defendant shall provide all information requested by the Independent Consultant reasonably relevant to Defendant's securities offerings disclosure policies and procedures.

viii. The Independent Consultant, in undertaking its Court ordered appointment, shall agree that, for the period of the engagement and for a period of two years from completion of the engagement, the Independent Consultant shall not enter into any employment, consultant, attorney-client, auditing, or other professional relationship with Defendant, or any of its present or former divisions, departments, elected officials, affiliates, subsidiaries, directors, officers, employees, or agents acting in their capacity as such. The Independent Consultant will require that any firm with which it is affiliated or of which it is a member, and any person engaged to assist it in performance of its duties under this Judgment and the accompanying Consent shall not, without prior written consent of the Court, enter into any employment, consultant, attorney-client, auditing, or other professional relationship with Defendant, or any of its present or former divisions, departments, elected officials, affiliates, subsidiaries, directors, officers, employees, or agents acting in their capacity as such for the period of the engagement and for a period of two years from completion of the agreement.

ix. Defendant shall provide reasonable compensation to the Independent Consultant relating to fees and expenses, as agreed to by the parties. The Independent Consultant's fees

       and expenses will be submitted to the Court for approval and the Independent Consultant's proposed fees and expenses will be first reviewed for reasonableness by the Town before the Independent Consultant submits them to the Court.

x. Defendants' obligations set forth in paragraph II of this Judgment and the accompanying Consent shall, for purposes of the undertakings in paragraphs II, automatically terminate upon the expiration of three years from the date on which the Court enters the Judgment, subject to the provisions of the next sentence. If (a) the SEC staff within 30 days after the undertaking described above would otherwise terminate informs Defendant that there is good cause shown, defined as Defendant's failure to comply with its obligations set forth in paragraph II of this Judgment and the accompanying Consent with respect to that undertaking (the "Notice Requirement"), (b) Defendant does not cure any such failure within 90 days thereafter (the "Opportunity to Cure Requirement"), and (c) the Court finds following an evidentiary hearing that there is good cause shown and the Notice Requirement and the Opportunity to Cure Requirement have been satisfied and Defendant has failed to cure, the Court may extend the terms of Defendant's obligations set forth in paragraphs II of this Judgment and the accompanying Consent with which Defendant failed to comply

      for the period necessary for Defendant to remedy that failure.

xi.    Upon the expiration of three years from the date on which the Court enters the Judgment, Defendant shall certify, in writing, its compliance with the undertakings set forth above, provided that if the Court, pursuant to paragraph II.x. above, has extended the term of any undertaking, such certification with respect to that undertaking shall be made upon the expiration of such extended term for that undertaking. The certification shall identify the undertakings, provide written evidence of compliance in the form of a narrative, and be supported by exhibits sufficient to demonstrate compliance. The Commission staff may make reasonable requests for further evidence of compliance, and Defendant agrees to provide such evidence. Defendant shall submit the certification and supporting material to Sanjay Wadhwa, Senior Associate Regional Director, with a copy to the Office of Chief Counsel of the Enforcement Division, no later than sixty (60) days from the date of the completion of the undertakings.

III.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Judgment.

IV.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Judgment forthwith and without further notice.

Dated: _____, 2019

                                                                                                                                     _____
                                                                                                                                     UNITED STATES DISTRICT JUDGE